# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza -16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1204 Fax: (718) 855-0760

**Tamara Giwa**
*Executive Director and*
*Attorney-in-Chief*

*Eastern District of New York*
Michelle A. Gelernt
*Attorney-in-Charge*

---

June 16, 2025

<u>By ECF and E-mail</u>
Honorable Nicholas G. Garaufis
U.S. District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Jasmine Fox,* 23 Cr. 227 (NGG)

Dear Judge Garaufis,

I write to seek the Court's assistance with obtaining disclosure of certain documents that I believe bear directly on the credibility of Agent Khatun's testimony at the June 10, 2025 suppression hearing, as well as on the defense's alternative basis for exclusion of Ms. Fox's post-arrest statements – the insufficient attenuation between those statements and the illegal searches of Ms. Fox's cellphone and laptop. Specifically, I seek disclosure of:

- The "Operation Plan" for Ms. Fox's arrest (referenced in Agent Khatun's May 7, 2025, affidavit and repeatedly during Agent Khatun's hearing testimony);
- Any agenda for or notes relating to the "pre-operation meeting" for Ms. Fox's arrest (referenced in Agent Khatun's May 7, 2025, affidavit and repeatedly during Agent Khatun's hearing testimony);
- The "Interview Outline" seen on Agent Khatun's lap during the interview of Ms. Fox by Agent Khatun in the car on June 13, 2023 (*see* GX-4 at 00:21).

With respect to the first two items, the defense previously requested disclosure of them from the government, in anticipation of the suppression hearing, and on the basis that Agent Khatun expressly referenced these materials in her May 7, 2025, affidavit, which was submitted in connection with the government's opposition to the suppression motion, and which the government was asking the Court to rely on in lieu of an evidentiary hearing. *See* Dkt. 156 (dated June 2, 2025). The government declined to provide those documents on the bases that they were not Rule 16 material, not relevant and not currently in the possession of the government. *See* Dkt. 160 (dated June 5, 2025). Following the evidentiary hearing, the defense, in discussions with the government, renewed its requests for these materials and learned that the government has in fact not been able to ascertain if these materials still exist, *i.e.,* were retained by anyone at HSI, IRS-CI or USMS. This is puzzling, at best, given

policies and regulations governing the retention of law enforcement emails and arrest materials, particularly as pertain to an open criminal case. *See, e.g.* IRS Schedule 2990 ("Records Control Schedules"), at p. 538 (Investigative Files and Related Records for IRS-CI may not be destroyed until 2 years after case closed). The government has indicated that it believes the pre-operation plan was created by HSI in Las Vegas. Because these materials bear both on Agent Khatun's credibility generally, and specifically on the issue of whether there was an agent designated to read Ms. Fox her rights at the time of arrest, the defense respectfully requests that the Court order the government to obtain and disclose these documents expeditiously, or explain in writing the steps it and its case agents from both HSI and IRS-CI have taken to try to locate these documents. If HSI has located the documents, but declines to disclose them voluntarily, the defense respectfully requests that the Court issue an order directing disclosure.

As to the "Interview Outline," which defense counsel asked Agent Khatun about during the suppression hearing and sought disclosure of from the government following that hearing, it is counsel's understanding that the government also has not been able to ascertain whether that document still exists. The government has indicated it believes IRS-CI New York (but not Agent Khatun) created the Interview Outline. This document bears both on questions squarely at issue in the evidentiary hearing -- Agent Khatun's credibility as to whether she planned to interview Ms. Fox in the car and what the plans were for advising Ms. Fox of her constitutional rights and for recording any interview prior to arriving at the detention center – and also the defense's attenuation argument (which the government has sought to counter, in part, by arguing that "Special Agent Khatun had no knowledge of the defendant's devices during the car ride. See Gov't Mot., Ex. L ¶ 10. The defendant gestures to the notebook and papers in front of Special Agent Khatun in the car, but speculates without basis that those materials contained information traceable to the device searches. See Def. Mot. at 12." Dkt. 142, at 16. Accordingly, the defense respectfully requests that the Court order the government to obtain and disclose this document expeditiously, or explain in writing the steps it and its case agents from both HSI and IRS-CI have taken to try to locate this document. If IRS-CI has located this document but declines to disclose it voluntarily, the defense respectfully requests that the Court issue an order directing its disclosure.

Thank you for your consideration of these requests.

                                                              Respectfully submitted,
                                                              _____/s/_____
                                                               Deirdre von Dornum
                                                               Federal Defenders of New York
                                                               (718) 330-1210

cc:    A.U.S.A. Victor Zapana
        A.U.S.A. Rebecca Urquiola
        A.U.S.A. Anthony Bagnuola