SHER TREMONTE LLP

September 8, 2025

**BY ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *United States v. Jasmine Fox*, 23 Cr. 227 (NGG)

Dear Judge Garaufis:

In accordance with the Court's orders of July 23, 2025 and July 29, 2025, we write to respectfully submit the following supplemental motions *in limine* on behalf of Ms. Fox:

- To admit certain documents for purposes of the litigation concerning the suppression of Ms. Fox's post-arrest statements;
- To require disclosure of so-far unidentified statements by unidentified speakers pertaining to co-conspirators and uncharged parties so that the Court may evaluate "taint" prior to trial.

I. The Government Has No Objection To Admission Of The Arrest Warrant, Pre-Operation Plan and Outline Interview For Purposes Of The Suppression Litigation.

Following the evidentiary hearing on the defendant's motion to suppress Ms. Fox's post-arrest statements and the government's concomitant motion to admit Ms. Fox's post-arrest statements, the government disclosed Homeland Security Investigation's pre-operation plan for the arrest of Ms. Fox and Internal Revenue Service-Criminal Investigation's outline for the interview of Ms. Fox. *See* ECF Nos. 174, 178 (Exs. L, N). The Court also granted the defense's request to unseal the arrest warrant. *See* ECF No. 177. In post-hearing briefing, the defendant asked the Court to admit these three documents in connection with the suppression litigation. *See* ECF No. 178. The Court, in its decision granting suppression, directed that the defendant state the basis for their admission in her supplemental motions *in limine*.  ECF No. 189, at n. 1.

The defense has consulted with the government, which has no objection to the admission of these documents. The defense further submits their admission is appropriate because these three documents are relevant to the determination of the credibility of both witnesses at the evidentiary hearing -- Ms. Fox and Agent Khatun. They are admissible, as to the arrest warrant, as non-hearsay for the effect on the reader (Agent Khatun testified that Ms. Fox learned what she was being arrested for when Agent Khatun or Agent Singh showed Ms. Fox the warrant for her arrest, after which Ms. Fox began making spontaneous statements about PPP fraud [June 10, 2025 Hr'g Tr. at 65-66]), and, as to the pre-operation plan and outline for interview, under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(8), 803(6).

II. <u>The Court Should Require The Government To Disclose Statements By Unidentified Persons Concerning "identities and records pertaining to Fox's uncharged co-conspirators" So That The Court May Evaluate Whether Such Evidence Is Tainted By The Prior Illegal Search And/Or Illegal Questioning of Ms. Fox.</u>

The government moved, in its initial motions *in limine,* to admit statements by unidentified "others regarding the identities and records pertaining to certain charged and uncharged co-conspirators." ECF No. 132, at 19. The defense has not received such statements in discovery and thus is unable to brief – and this Court cannot evaluate – whether any such statements are tainted by the illegal search of Ms. Fox's electronic devices and/or the illegal questioning of Ms. Fox following her arrest, an issue this Court has already held should be litigated pre-trial. *See* July 23, 2025, Mem. & Order, at 8. Accordingly, the defense requests – as it did in the first round of motions, but now with specific focus on the taint evaluation, based on the Court's ruling – for disclosure of these statements and the identities of the speakers.

In its July 23, 2025, Memorandum and Order, this Court conditionally granted the government's motion to admit certain unidentified statements by unidentified others pertaining to Ms. Fox's charged and uncharged co-conspirators pursuant to Federal Rule of Evidence 801(d)(2)(E). ECF No. 185 at 40. The Court did so on the assumptions that (1) the unidentified others are themselves co-conspirators and (2) the government already had produced these pieces of evidence in discovery. *Id.* The Court relied upon the reasoning of *United States v. Baldeo,* No. 13-CR-125 (PAC), 2014 WL 351601, at *1 (S.D.N.Y. Jan. 31, 2014), that identification of specific statements by co-conspirators was not necessary where the government had produced the grand jury testimony of the uncharged co-conspirators, thereby giving the defense notice of what the co-conspirators' statements would consist of, even if the government had not identified specific testimony. July 23, 2025, Mem. & Order, at 42-43 (quoting *Baldeo*). Here, the government has not said that the statements were *made by* co-conspirators, just that they *pertain to* co-conspirators, which is a category that neither Rule 801(d)(2)(E) nor *Baldeo* speaks to. The government also has not produced (to the defense's knowledge – although again it is difficult to say without the speakers being identified) statements pertaining to the uncharged co-conspirators, and thus does not have the notice relied on in *Baldeo*.

2

More to the point, need for pre-trial notice in this case, where significant government evidence has been precluded due to Fourth and Fifth Amendment violations, is not predicated, as it was in *Baldeo*, on the government's burden of showing it can meet the prerequisites of Rule 801(d)(2)(E), which the defense likely can challenge effectively at trial, but on the government's burden of showing these statements were not obtained by virtue of the illegal search of Ms. Fox's electronic devices or the illegal post-arrest questioning of her. Without knowing the identity of the speakers or the circumstances of the statements, the Court cannot ensure that the statements were not obtained by virtue of the constitutional violations. For example, if the statements by unidentified others were discovered by virtue of statements made by Witness-2, who was identified only through the illegal search of Ms. Fox's phone (the government's contested motion to admit Witness-2's testimony and certain emails by her is still pending, see ECF Nos. 140; 141; 148), that fact would be highly relevant to the taint analysis. By contrast, if the statements by unidentified others were discovered by virtue of interviews of Delta employees already identified prior to the illegal search of Ms. Fox's phone and her arrest, they would be less likely to be tainted.

Accordingly, the defense respectfully requests that the Court order the government to provide sufficient notice of the substance of these statements and how they were obtained to allow the Court to conduct the type of close taint analysis it undertook with respect to Witness-1 and her statements (*see* July 23, 2025, Mem. & Order, at 33-40).

*******

Finally, the defense recognizes that pre-trial evidentiary matters already have been extensively litigated, but respectfully seeks leave to raise additional issues, if warranted, after the government discloses its exhibits and 3500 material and after the Court rules on the pending motion concerning the admissibility of the testimony of Witness-2 (ECF Nos. 140; 141; 148).

Respectfully submitted,

/s/

Deirdre D. von Dornum
  *with*
David A. Shargel (Pro Bono Counsel)

cc:   All counsel (by ECF)
      Jasmine Fox (by E-mail)